## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **FLOYD DARIL WAGNER, #28014-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv31** |
| | § | **CRIMINAL ACTION NO. 4:18cr155(1)** |
| **UNITED STATES OF AMERICA** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Floyd Daril Wagner filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I. BACKGROUND

On July 25, 2019, after Movant pled guilty pursuant to a written plea agreement, the District Court sentenced Movant to 135 months for possession with intent to distribute oxycodone and other controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)( C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 ( c)(1)(A)(i). Movant did not file a direct appeal concerning his conviction, but timely filed the instant § 2255 motion on January 13, 2020. He claims he is entitled to relief because his Counsel was ineffective in several instances. Movant also claims that the drug premises enhancement is inapplicable to his case, and that he is entitled to relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government filed a Response, asserting Movant's issues are meritless. Movant did not file a Reply.

## II. FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to

reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

Movant first claims he is entitled to relief because Counsel failed to properly advise him of the appellate waiver in the plea agreement. A review of the record, however, shows otherwise. The plea agreement itself, which Movant signed, states that he "received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea." Crim. ECF (Dkt. #32, p. 8). Movant also agreed in the plea agreement that he "read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." Crim. ECF (Dkt. #32, p. 9). Additionally, at Movant's plea hearing, when asked by the Magistrate Judge, Movant said that he understood the rights he was waiving and the limited rights reserved. Crim. ECF (Dkt. #52, p. 23). Movant also stated that he understood each provision of the plea agreement and that he voluntarily agreed to them. Crim. ECF (Dkt. #52, p. 24). Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The record plainly contradicts Movant's conclusory allegations. Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross*, 694 F.2d at 1011-12. This issue is without merit.

Movant also claims that Counsel failed to timely challenge the drug-premises enhancement, asserting that its application was improper. The record shows that two points were added to

Movant's offense level because it was found that Movant "maintained a premises for the purpose of manufacturing, or distributing a controlled substance" pursuant to U.S.S.G. § 2D1.1(b)(12). Crim. ECF (Dkt. #39, p. 7). Specifically, the investigators determined that Movant leased and used a warehouse and three storage units to store prescription medication for distribution. Crim. ECF (Dkt. #39, p. 7). The record shows, however, that Counsel timely filed objections to the drug-premises enhancement in the Presentence Report ("PSR"). Crim. ECF (Dkt. #38, p. 1). Counsel also argued against applying the enhancement at Movant's sentencing hearing. Crim. ECF (Dkt. #53, pp 4-8). The District Judge overruled the objections. These issues are meritless.

Movant also claims that Counsel should have challenged the possession of a firearm in furtherance of a drug trafficking crime charge, in violation of 18 U.S.C. § 924 ( c)(1)(A)(i). He does not state what the challenge should have been, nor is he claiming innocence. A review of the record shows that Movant signed the plea agreement in which he pled guilty to the § 924( c) charge. Crim. ECF (Dkt. #32). He also admitted that the Factual Basis was true, which detailed the factual elements of the charges, including a description of the thirteen firearms found during the execution of the search warrant on Movant. Crim. ECF (Dkt. #34, p. 2). Specifically, Movant said, "during my distribution of Oxycodone and other controlled substances, I possessed the above described firearms in furtherance of this drug trafficking crime." Crim. ECF (Dkt. #34, p. 2). These representations during plea proceedings carry a strong presumption of verity. *See Blackburn v. Allison*, 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn*, 752 .2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight"). The claim is without merit.

Movant next asserts he is entitled to relief based on Counsel's failure "to effectively engage in the plea negotiation process and accurately inform his client of the accurate legal sentence possible under the law." Defendants have a Sixth Amendment right to counsel that extends to the plea-

4

bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). In the context of plea of guilty, a defendant must show the outcome of the plea process would have been different with competent advice. *Id*. Movant must show that there is a reasonable probability that, but for Counsel's deficient performance, he would not have pled guilty, and would have insisted on going to trial. *Id*.

First, Movant fails to specifically state what Counsel could have negotiated better. Conclusory allegations that are unsupported by the record do not raise a constitutional issue in a habeas proceeding. *Ross,* 694 F.2d at 1011-12. The plea agreement shows that Movant stipulated to his specific guideline range and understood he was receiving a reduction in his range for acceptance of responsibility, which clearly benefitted him. Crim. ECF (Dkt. #32, pp. 3-4). It also outlined the potential penalty that Movant faced. Crim. ECF (Dkt. #32, p. 2). In open court, Movant affirmed that he was satisfied with Counsel and the advice he received from him. Crim. ECF (Dkt. #52, p. 11). Furthermore, at his plea hearing, Movant was again informed of the potential penalties he was facing. Crim. ECF (Dkt. #52, pp. 14-15). Movant also affirmed that he understood his sentence would be determined by the United States District Judge and that he had fully discussed with Counsel how the sentencing guidelines might be applied to his case. Crim. ECF (Dkt. #52, pp. 15-16). He further confirmed that he understood that any estimate of his sentence given to him by Counsel or the U.S. Attorney's Office was merely that – an estimate. Crim. ECF (Dkt. #52, p. 16). Movant fails to show that Counsel performed deficiently or that there is a reasonable probability that, but for Counsel's deficient performance, he would not have pled guilty, and would have insisted on going to trial. *Lafler,* 566 U.S. at 162. This issue is without merit.

### IV.  PROCEDURAL BAR

Movant claims that the drug-premises two-point enhancement should not have been added to his offense level. He failed to raise this claim on direct appeal, however. It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and

decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 231. Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232.

Movant fails to show cause for his procedural default nor does he claim he is actually innocent; accordingly the issue is procedurally barred. Furthermore, the waiver of appeal contained in his plea agreement reserved for review on collateral review only two limited claims: (1) ineffective assistance of counsel and (2) a sentence exceeding the statutory maximum. Movant's 135-month sentence did not exceed the statutory maximum, and this claim is not one based on ineffective assistance of counsel. For these reasons, this claim fails.

Additionally, Movant claims he is entitled to relief under *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019). The Supreme Court held in *Davis* that the definition of a "crime of violence" in 18 U.S.C. § 924( c)(3)(B) is unconstitutionally vague. The record shows that Movant pled guilty to, and was convicted of, possessing a firearm in furtherance of a drug trafficking crime – not in furtherance of a crime of violence. *See* 18 U.S.C. § 924( c)(1)(A). It appears that Movant erroneously believes the decision in *Davis* concluded that the whole of Section 924( c) was unconstitutionally vague. However, *Davis* had no bearing on the portions of Section 924( c)

addressing drug trafficking crimes – only crimes of violence. Consequently, *Davis* is inapplicable to Movant's case. Moreover, Movant raises a sentencing issue that could have been raised on direct appeal. Since Movant could have raised the issue on direct appeal, but did not, he may not now assert it in a collateral proceeding. *Shaid,* 937 F.2d at 232. Such issues are procedurally barred. Additionally, Movant's waiver of appeal contained in his plea agreement does not reserve this issue for review. Accordingly, this claim is procedurally barred and waived.

## V. CONCLUSION

In conclusion, Movant fails to show that Counsel performed deficiently. He fails to show that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that there is a reasonable probability that, but for Counsel's deficient performance, he would not have pled guilty, and would have insisted on going to trial. *Lafler,* 566 U.S. at 162. Finally, Movant's claims concerning the drug-premises enhancement and relief pursuant to *Davis* are procedurally barred and are waived. Having found no merit to Movant's claims, the § 2255 motion should be denied.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues

the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

### VII.  RECOMMENDATION

It is recommended Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28

U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 27th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE